UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

 -against-

                 07 CV ____ ( )

ALEXIS AMPUDIA,
a/k/a ALEXIS GEANCARLOS AMPUDIA NAVALO,
a/k/a ALEXIS EMIAS, a/k/a ALEXIS ROJAS,

    Defendant.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/07
```

### ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission (the "Commission") for an Order:

(1)   directing Defendant Alexis Ampudia, also known as Alexis Geancarlos Ampudia Navalo, Alexis Emias and Alexis Rojas ("Ampudia" or the "Defendant") to show cause why an order should not be entered, pending a final disposition of this action:

  (a)   preliminarily enjoining the Defendant from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5;

  (b)   freezing the Defendant's assets;

    (c)    directing the Defendant to provide a verified accounting and to repatriate assets held outside the United States, if any;

    (d)    prohibiting the destruction, alteration or concealment of documents; and

    (e)    preliminarily enjoining the Defendant, and his agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding on behalf of the Defendant without at least 3 days notice to the Plaintiff and approval of this Court;

(2)    pending adjudication of the foregoing, an Order:

    (a)    temporarily restraining the Defendant from violating the aforementioned statutes and rule;

    (b)    freezing the Defendant's assets;

    (c)    directing the Defendant to provide a verified accounting and to repatriate assets held outside the United States, if any;

    (d)    prohibiting the destruction, alteration or concealment of documents;

    (e)    providing that the Commission may take expedited discovery in preparation for a hearing on this Order to Show Cause; and

    (f)    temporarily enjoining the Defendant, and his agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding on behalf of the Defendant without at least 3 days notice to the Plaintiff and approval of this Court.

The Court has considered (1) the Commission's Complaint; (2) the Memorandum of Law in Support of Plaintiff's Application; and (3) the Declarations in Support of Plaintiff's Application and exhibits annexed thereto. Based upon the foregoing documents, the Court finds that a proper showing, as required by Federal Rule of Civil Procedure 65(b), Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act has been made for the relief granted herein, for the following reasons:

(1) It appears from the evidence presented that the Defendant has violated and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5.

(2) It appears that an order freezing the Defendant's assets is necessary to preserve the *status quo,* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

(3) It appears that the Defendant may attempt to dissipate or transfer from the jurisdiction of this Court funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties.

(4) It appears that an order requiring the Defendant to provide a verified accounting of all assets, money and property held directly or indirectly by him, or by others for his direct and indirect beneficial interest, may be necessary to effectuate and ensure compliance with the freeze imposed on the Defendant's assets. 

(5) It appears that the Defendant may attempt to destroy, alter or conceal documents.

(6) Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

(7) This Court has jurisdiction over the subject matter of this action and over the Defendant, and venue properly lies in this District.

**NOW, THEREFORE,**

I.

**IT IS HEREBY ORDERED** that the Defendant show cause, if there be any, to this Court at __10 A__.m. on the __16__ day of __April__ 2007, in Room __23B__ of the United States Courthouse, 500 Pearl Street, New York, New York 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act and Section 21 of the Exchange Act, preliminarily enjoining the Defendant from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5.

II.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order directing that, pending the hearing of this action, the Defendant, and each of his financial and brokerage institutions, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in

4

action or other property of any kind whatsoever) of, held by, or under the control of the Defendant, whether held in his name or for his direct or indirect beneficial interest wherever situated, including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Account Type | Account Holder |
|---|---|---|---|
| TD Ameritrade | 785-713771 | Brokerage | Alexis Ampudia |
| TD Ameritrade | 782-414221 | Brokerage | Alexis Ampudia |
| TD Ameritrade | 784-068011 | Brokerage | Alexis Ampudia |
| Pension | 074702913 | Brokerage | Alexis Ampudia |
| Fidelity | X-08-543748 | Brokerage | Alexis Ampudia |
| Scottrade | 13042904 | Brokerage | Alexis Ampudia |
| Scottrade | 13042905 | Brokerage | Alexis Ampudia |
| Commerce | 7917942109 | Bank | Alexis Ampudia |
| J. P. Morgan Chase | 907418196065 | Bank | Alexis Ampudia |
| J. P. Morgan Chase | 907419186065 | Bank | Alexis Ampudia |
| Washington Mutual | 3124466447 | Bank | Alexis Ampudia |
| Hudson United Bank | 3982516350 | Bank | Alexis Ampudia |

### III.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order directing that, pending ~~a final disposition~~ the hearing of this action, the Defendant, and each of his agents, employees, attorneys, or other professionals, and anyone acting in concert with them, any third parties and any other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, are restrained and enjoined from filing for bankruptcy protection for the Defendant and his assets without 3 days notice to the Plaintiff and approval by this Court.

5

IV.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order directing the Defendant to repatriate assets held outside the United States, if any.

V.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order directing that he file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting, signed by the Defendant, and under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of the Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, funds, securities, property (real and personal), assets and income received by the Defendant, or for his direct or indirect benefit, at any time from November 1, 2006 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed; and

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of the Defendant.

## VI.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order enjoining and restraining him, and any person or entity acting at his direction or on his behalf, from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books, and records, that are in the possession, custody or control of the Defendant, his officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendant's finances or business operations, or the offer, purchase or sale of securities and the use of proceeds therefrom.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendant, and his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

7

(c) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 17q(a).

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendant, and his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme, or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendant, and each of his financial

8

and brokerage institutions, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the Defendant, whether held in his name or for his direct or indirect beneficial interest wherever situated, including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Account Type | Account Holder |
|---|---|---|---|
| TD Ameritrade | 785-713771 | Brokerage | Alexis Ampudia |
| TD Ameritrade | 782-414221 | Brokerage | Alexis Ampudia |
| TD Ameritrade | 784-068011 | Brokerage | Alexis Ampudia |
| Pension | 074702913 | Brokerage | Alexis Ampudia |
| Fidelity | X-08-543748 | Brokerage | Alexis Ampudia |
| Scottrade | 13042904 | Brokerage | Alexis Ampudia |
| Scottrade | 13042905 | Brokerage | Alexis Ampudia |
| Commerce | 7917942109 | Bank | Alexis Ampudia |
| J. P. Morgan Chase | 907418196065 | Bank | Alexis Ampudia |
| J. P. Morgan Chase | 907419186065 | Bank | Alexis Ampudia |
| Washington Mutual | 3124466447 | Bank | Alexis Ampudia |
| Hudson United Bank | 3982516350 | Bank | Alexis Ampudia |

X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendant, and any of his agents, servants, employees, attorneys, those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, repatriate into the United States any assets, funds, or other property, held by them, under their direct or indirect control, for the Defendant's benefit or over which the Defendant exercises actual or apparent authority.

XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendant, and each of his agents, employees, attorneys, or other professionals, and anyone acting in concert with them, any third parties, and any other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, are temporarily restrained and enjoined from filing for bankruptcy protection for the Defendant and his assets without 3 days notice to the Plaintiffs and approval by this Court.

XII.

**IT IS FURTHER ORDERED** that no creditor or claimant against the Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the Defendant's assets.

10

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendant file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting signed by the Defendant under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of the Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, real or personal property, assets, funds, securities and income received by the Defendant, for his direct or indirect benefit, at any time from November 1, 2006 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed; and

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of the Defendant.

## XIV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendant, and any person or entity acting at his direction or on his behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the Commission's access to any and

11

all documents, books, and records that are in the possession, custody or control of the Defendant, his officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Defendant's finances or business operations, or the offer, purchase, or sale of securities and the use of proceeds therefrom.

## XV.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), and without the requirement of a meeting pursuant to F.R.C.P. 26(f), the Commission may:

(1) Take depositions, subject to three (3) calendar days' notice by facsimile or otherwise;

(2) Obtain the production of documents, within three (3) calendar days from service by facsimile or otherwise of a request or subpoena, from the Defendant, or any other persons or entities, including non-party witnesses;

(3) Obtain other discovery from the Defendant, including further interrogatories and requests for admissions, within three (3) days from the date of service by facsimile or otherwise of such other discovery requests, interrogatories, or requests for admissions; and

(4) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail.

12

XVI.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendant on or before 4/6/07 at noon, ~~2007,~~ by personal delivery, facsimile, and overnight courier, ~~or first class mail~~. HB

XVII.

**IT IS FURTHER ORDERED** that the Defendant shall deliver any opposing papers in response to the Order to Show Cause above no later than April 11, 2007, at 4:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the Northeast Regional Office of the Commission at 3 World Financial Center, Suite 400, New York, New York 10281-1022, Attn: Valerie A. Szczepanik, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until April 13, 2007, at 4:00 p.m., to serve, by the most expeditious means available, any reply papers upon the Defendant, or upon his counsel, if counsel shall have made an appearance in this action then. The SEC will deliver all papers (copies) on April 13th to chambers and file w/ the Court at that time.

XVIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendant, and each of his officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at : NY NY 1:00 P.m.
April 5, 2007
New York, New York

13