**07 CV 2762**

**JUDGE BAER**

MARK K. SCHONFELD (MS-2798)
REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
3 World Financial Center, Suite 400
New York, NY 10281
(212) 336-1020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION, :
: 
              Plaintiff, :
:
       -against- :
:    07 CV ____ ( )
:
ALEXIS AMPUDIA, :
a/k/a ALEXIS GEANCARLOS AMPUDIA NAVALO, :
a/k/a ALEXIS EMIAS, a/k/a ALEXIS ROJAS, :
:
             Defendant. :
:

---

**LOCAL RULE 6.1(d) DECLARATION OF
SHELDON MUI IN SUPPORT OF PLAINTIFF'S EMERGENCY
*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER,
ORDER TO SHOW CAUSE, PRELIMINARY INJUNCTION,
<u>ASSET FREEZE AND OTHER RELIEF</u>**

I, SHELDON MUI, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am a member of the bar of the State of New York and a member of the bar of this Court. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reasons exist for bringing this matter before the Court by an application and order to show cause rather than by notice of motion. No previous application for similar relief has been made.

2. I am employed as an attorney in the Division of Enforcement at the Northeast Regional Office of Plaintiff Securities and Exchange Commission ("Commission"). I make this declaration in support the Commission's Emergency Application for a Temporary Restraining Order, Order to Show Cause, Preliminary Injunction, Asset Freeze and Other Relief (the "Application"), directing Alexis Ampudia ("Ampudia" or the "Defendant") to show cause why an order should not be entered, pending a final disposition of this action:

(1)    (a)    preliminarily enjoining the Defendant from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5;

       (b)    freezing the Defendant's assets;

       (c)    directing the Defendant to provide a verified accountings and to repatriate assets held outside the United States, if any;

       (d)    prohibiting the destruction, alteration or concealment of documents; and

       (e)    preliminarily enjoining the Defendant, and his agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding on behalf of the Defendant without at least 3 days notice to the Plaintiff and approval of this Court;

(2)    pending adjudication of the foregoing, an Order:

       (a)    temporarily restraining the Defendant from violating the aforementioned statutes and rule;

       (b)    freezing the Defendant's assets;

(c) directing the Defendant to provide a verified accounting and to repatriate assets held outside the United States, if any;

(d) prohibiting the destruction, alteration, or concealment of documents;

(e) providing that the Commission may take expedited discovery in preparation for a hearing on this Order to Show Cause; and

(f) temporarily enjoining the Defendant, and his agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding on behalf of the Defendant without at least 3 days notice to the Plaintiff and approval of this Court.

3. The Commission makes this application for emergency relief by application and order to show cause to: (i) preserve the status quo pending adjudication of the application; (ii) ensure that any future judgment of this Court for disgorgement, prejudgment interest and penalties will not be rendered meaningless; (iii) halt ongoing violations of the federal securities laws; and (iv) prevent the destruction or fabrication of evidence. The Commission believes that to proceed by notice of motion may jeopardize the Court's ability to grant full and effective relief both as to this Application and the merits of the Complaint.

A. **Facts**

4. As alleged in the Commission's Complaint, and the accompanying Plaintiff's Memorandum of Law in Support of Its Emergency *Ex Parte* Application for Temporary Restraining Order, Order To Show Cause, Preliminary Injunction, Asset Freeze and Other Relief, and the accompanying Declarations and Exhibits submitted in support thereof, the Defendant has been, and is continuing to, engage in a fraudulent scheme involving identity theft and market manipulation. (See Declaration of Doreen Krause in Support of Plaintiff's Emergency *Ex Parte*

Application for a Temporary Restraining Order, Order to Show Cause, Preliminary Injunction, Asset Freeze and Other Relief ("Krause Decl.") at ¶¶ 16-17.) The scheme involves the Defendant purchasing thinly-traded securities at cheap prices in his own brokerage account. The Defendant then uses stolen identities to open online brokerage accounts in the names of unsuspecting identity theft victims and buys securities of the same companies to increase artificially the securities' price. The Defendant then profits by selling his own securities at artificially inflated prices. (Id. at ¶¶ 16-17, 29-54.) To date, Defendant has fraudulently transferred or attempted to transfer more than $1,038,250 from at least eight victims, has run his market manipulation scheme on the securities of at least five companies, and has profited by more than $140,000 by his fraudulent scheme. (Id. at ¶ 56.) In addition, the broker-dealers whose customer accounts were compromised suffered losses in excess of $269,704. These losses represent the cost to the broker-dealers of unwittingly providing the equity for Ampudia to place unauthorized trades in the fraudulently opened Victims' Brokerage Accounts. (Id. at ¶ 57.) Unless temporarily restrained and preliminarily enjoined, Defendant will continue to violate the antifraud provisions of the federal securities laws and attempt to hide and dissipate assets. (Id. at ¶¶ 54, 59, 60.) Because of the substantial harm that would result from Defendant's continued fraudulent conduct, it is necessary for the Commission to seek the relief requested in the Application by way of an order to show cause.

**B.      Reasons for Proceeding Other Than by Notice of Motion**

5.      This case presents an emergency. Defendant continues to engage in the fraudulent conduct described herein. As recently as March 21, 2007, his trading suggests that he is currently perpetrating or attempting to perpetrate further identity theft, misappropriation of funds and manipulative trading. (Id. at ¶ 54.)

6. No attempt has been made to give notice to Defendant or his representative.

7. To prevent further injury to the public, the Commission seeks the relief set forth herein. If the Commission were to proceed by notice of motion rather than by order to show cause, there would exist a very real risk that the Defendant, or others acting in concert with him, will act to secrete or otherwise dispose of assets in their control. Additionally, there is a risk the Defendant will attempt to leave the jurisdiction of the United States and to transfer assets outside of the United States. (Id. at ¶ 60.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   March 29, 2007
            New York, New York

_____
Sheldon Mui (SM-9321)