UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

ALEXIS AMPUDIA,
a/k/a ALEXIS GEANCARLOS AMPUDIA NAVALO,
a/k/a ALEXIS EMIAS, a/k/a ALEXIS ROJAS,

    Defendant.

07-CV-2762 (HB)

---

## CONSENT OF ALEXIS AMPUDIA TO PRELIMINARY INJUNCTION

### I.

Defendant Alexis Ampudia, a/k/a Alexis Geancarlos Ampudia Navalo, a/k/a Alexis Emias, a/k/a Alexis Rojas ("Ampudia" or "Defendant"), acknowledges having been served by the summons and complaint in this action, and that, together with his attorneys, he has reviewed the complaint, and enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Ampudia admits), Ampudia hereby consents to the entry of the Order Granting a Preliminary Injunction and Other Relief on Consent (the "Preliminary Injunction Order") in the form attached hereto and incorporated by reference herein, which, pending final disposition of this action, and among other things:

a) restrains and enjoins Defendant from violating Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Exchange Act Rule 10b-5 thereunder;

b) restrains and enjoins Defendant from disposal of any assets, funds or other property held by him or others for his benefit;

c) restrains and enjoins Defendant from destroying, altering, concealing or otherwise interfering with the lawful access of the Plaintiff to any and all documents, books and records of Defendant; and

d) restrains and enjoins Defendant and each of his creditors from filing a petition in bankruptcy.

## II.

Defendant Ampudia waives the requirement to set forth in the Preliminary Injunction Order the reasons for the issuance of the preliminary injunction pursuant to Fed. R. Civ. P. 65(d).

## III.

Defendant Ampudia voluntarily enters into this Consent and represents that no threats, promises, offers, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

## IV.

Defendant Ampudia agrees that this Consent shall be incorporated into the Preliminary Injunction Order with the same force and effect as if fully set forth therein.

V.

Defendant Ampudia waives service of the Preliminary Injunction Order and agrees that entry of the Preliminary Injunction Order by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

---------------------------------------
Alexis G. Ampudia


State of              )
                      )ss.:
County of             )

On April ___, 2007, Alexis G. Ampudia, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

---------------------------------------
Notary Public


Approved as to form:


---------------------------------------
Stephen L. Drummond, Esq.
Drummond & Crawford, PC
11 Sunrise Plaza, Suite 305
Valley Stream, NY  11580

V.

Defendant Ampudia waives service of the Preliminary Injunction Order and agrees that entry of the Preliminary Injunction Order by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

_____
Alexis G. Ampudia

State of NY         )
                    ) ss.:
County of Nassau    )

On April 11, 2007, Alexis G. Ampudia, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public

STEPHEN LLOYD DRUMMOND
02DR6064196
Expiration 09/26/20__

Approved as to form:

_____
Stephen L. Drummond, Esq.
Drummond & Crawford, PC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

                                                      07-CV-2762 (HB)

ALEXIS AMPUDIA,
a/k/a ALEXIS GEANCARLOS AMPUDIA NAVALO,
a/k/a ALEXIS EMIAS, a/k/a ALEXIS ROJAS,

                Defendant.

---

### ORDER GRANTING PRELIMINARY INJUNCTION AND OTHER RELIEF ON CONSENT

**WHEREAS** on April 5, 2007, Plaintiff Securities and Exchange Commission filed a complaint for injunctive and other relief against Defendant Alexis Ampudia, a/k/a Alexis Geancarlos Ampudia Navalo, a/k/a Alexis Emias, a/k/a Alexis Rojas ("Ampudia" or "Defendant");

**WHEREAS** on April 5, 2007, the Commission filed an application for an order directing the Defendant to, among other things, show cause why an order should not be entered pending a final disposition of this action preliminarily enjoining the Defendant from violating the antifraud provisions of the federal securities laws, Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Exchange Act Rule 10b-5 thereunder, freezing all assets held by him and granting other relief;

**WHEREAS** on April 5, 2007, the Court entered an Order to Show Cause, Temporary Restraining Order, And Order Freezing Assets and Granting Other Relief (the "Temporary Restraining Order"), which, among other things, temporarily restrained the Defendant from violating the antifraud provisions of the federal securities laws; froze Defendant's assets; enjoined Defendant from the destruction, alteration or concealment of documents; and scheduled a hearing on the Commission's request for preliminary injunctive relief for April 16, 2007;

**WHEREAS** Defendant Ampudia admits the Court's jurisdiction over him and over the subject matter of this action;

**WHEREAS** Defendant Ampudia, without admitting or denying the allegations of the complaint, hereby consents to the entry of this Order Granting Preliminary Injunction and Other Relief on Consent (the "Preliminary Injunction Order");

**WHEREAS** Defendant Ampudia waives the requirement to set forth in the Preliminary Injunction Order the reasons for the issuance of the preliminary injunction pursuant to Fed. R. Civ. P. 65(d); and

**WHEREAS** Defendant Ampudia consents voluntarily to the entry of the Preliminary Injunction Order and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent or representative of the Commission to induce him to consent to the entry of the Preliminary Injunction Order,

**NOW THEREFORE,**

**I.**

**IT IS ORDERED** that, pending a final disposition of this action, the Defendant, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

    (c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 17q(a).

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of the action, the Defendant, and each of his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme, or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendant, and each of his financial and brokerage institutions, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other

disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the Defendant, whether held in his name or for his direct or indirect beneficial interest wherever situated, including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Account Type | Account Holder |
|---|---|---|---|
| TD Ameritrade | 785-713771 | Brokerage | Alexis Ampudia |
| TD Ameritrade | 782-414221 | Brokerage | Alexis Ampudia |
| TD Ameritrade | 784-068011 | Brokerage | Alexis Ampudia |
| Pension | 074702913 | Brokerage | Alexis Ampudia |
| Fidelity | X-08-543748 | Brokerage | Alexis Ampudia |
| Scottrade | 13042904 | Brokerage | Alexis Ampudia |
| Scottrade | 13042905 | Brokerage | Alexis Ampudia |
| Commerce | 7917942109 | Bank | Alexis Ampudia |
| J. P. Morgan Chase | 907418196065 | Bank | Alexis Ampudia |
| J. P. Morgan Chase | 907419186065 | Bank | Alexis Ampudia |
| Washington Mutual | 3124466447 | Bank | Alexis Ampudia |
| Hudson United Bank | 3982516350 | Bank | Alexis Ampudia |

### IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant, and any of his agents, servants, employees, attorneys, those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, shall repatriate into the United States any assets, funds, or other property, held by them, under their direct or indirect control, for the Defendant's benefit or over which the Defendant exercises actual or apparent authority.

### V.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendant, and any person or entity acting at his direction or on his behalf, be and hereby

are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the Commission's access to any and all documents, books, and records that are in the possession, custody or control of the Defendant, his officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Defendant's finances or business operations, or the offer, purchase, or sale of securities and the use of proceeds therefrom.

## VI.

**IT IS FURTHER ORDERED** that, pending final disposition of this matter,

(a) the Defendant and each of his creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction Order by personal service, facsimile service, or otherwise, be and hereby are, restrained and enjoined from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendant, without first seeking leave from this Court, with at least twenty-four (24) hours notice to the Commission. Leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action; and

(b) no creditor of or claimant against the Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets.

## VII.

**IT IS FURTHER ORDERED** that, service of this Preliminary Injunction Order on Defendant may be made by personal delivery, facsimile, overnight courier, or first-class mail on the Defendant, or on the Defendant's attorney, Stephen L. Drummond, Esq.

## VIII.

**IT IS FURTHER ORDERED** that, nothing contained herein shall preclude Defendant from making an application to the Court, on five days' notice to the Commission, for reasonable attorney's fees or Ampudia's reasonable living expenses.

## VIX.

**IT IS FURTHER ORDERED** that this Preliminary Injunction Order shall be, and is, binding upon the Defendant and each of his officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction Order by personal service or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at :    _____:_____ ___.m.
               April ____, 2007
               New York, New York